## HILL v. SOUTHERN LIFE & HEALTH INS. CO.*
### No. 14409.

Court of Appeal of Louisiana. Orleans.
April 10, 1933.

Solomon S. Goldman, of New Orleans, for appellant.

Charles J. Mundy, of New Orleans, for appellee.

JANVIER, Judge.

Defendant insurance company issued a policy of industrial life insurance in which Albert Smith was named as the insured and Arthur Griffin the beneficiary. Shortly thereafter the name of the beneficiary was changed to Joseph Hill, known as the Reverend Hill. A

few days after the change of beneficiary was made Albert Smith died, whereupon the beneficiary, Hill, made demand for payment of the face of the policy. Defendant refused to pay, and upon the filing of this suit interposed the defense that when the policy was applied for some other person substituted himself as Albert Smith, whereas the true Albert Smith, who later died, was, at that time, in poor physical condition, was confined to his bed, and died without again regaining his health.

We have carefully examined the evidence and have reached the conclusion that the judge, a quo, was manifestly in error in rendering judgment for plaintiff, because we believe that the evidence shows not only by a preponderance, but beyond any doubt whatever, that a fraud was practiced upon defendant company, and that it was initiated and promoted by Hill for the purpose of making collection from the insurance company.

We believe it unnecessary to discuss in detail the evidence of the other witnesses, but in passing let us say that that evidence greatly preponderates towards defendant's contention that the true Albert Smith was not in New Orleans when the insurance was applied for, and that he never left his bed and never recovered his health. But on the evidence of Hill himself, we cannot do other than disbelieve everything he had to say with reference to the application for insurance. Astute counsel for defendant has pointed out many inaccuracies in Hill's testimony, and many direct contradictions.

Since we believe that the person who presented himself as Albert Smith when the insurance was applied for was some other person than the true Albert Smith, it is evident that a fraud was perpetrated, and that the insurer is not liable under the policy.

Our attention is called to the decision we rendered in the case of Edwards v. Washington National Insurance Company, 141 So. 97, in which we refused to accept the defense that the insured was not the person who actually was presented to the insurance agent when the insurance was applied for. But it must be remembered that in cases of this kind only facts are involved, and that because we said in one case that there was not sufficient evidence to sustain the defense does not require that we refuse to sustain the same defense in another case in which there is ample evidence.

The insurance company in its answer states that it is willing to return all premiums paid; but we find no evidence as to what was the amount of those premiums. Of course it should return the premiums, but we cannot take that into consideration in rendering our decree for the reason which we have stated.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, annulled, avoided, and reversed, and that there now be judgment in favor of defendant dismissing plaintiff's suit at his cost, and reserving the right to plaintiff to claim in an appropriate proceeding such premiums as may have been paid by him.

Reversed.

HIGGINS, J., absent, takes no part.

